My name is Sanket Bolsara from WilmerHale, Pro Bono Council of Record for the appellant, Leonel Marin-Torres. I would like to, if possible, reserve two minutes for rebuttal. This case is on appeal from the dismissal of claims against King County and its individual officers. The district court dismissed Marin-Torres' lawsuit with prejudice, despite the wholly inadequate performance of his appointed counsel, who conducted no discovery and left Marin-Torres in a position far worse than had he been proceeding pro se. In light of counsel's failures and the district court's multiple errors of law, we believe Marin-Torres should be accorded an opportunity to file an amended complaint. How would he do that with regard to the John Does? There was a discovery period. You said that he was represented by counsel and you made a persuasive showing in your brief that he was not diligent in the slightest and let a lot of opportunity go by. So are you asking us to remand back to the district court to allow filing of an amended complaint based on what the plaintiff knows at this time without further discovery? Your Honor, at a minimum, we think that that's what would be necessary. Can you meet Rule 11 standards to plead a case against any of the people who are identified, at least so far, just as witnesses? Do you have enough information to plead under Rule 11, to get past Rule 11 standards to stake claims against any of those individuals? I believe that we do, based on the responses that are in interrogatory number 6. We do believe, however, that in light of the counsel, his appointed counsel's failure to conduct any discovery, it would be appropriate to grant Mr. Marin-Torres some limited time in which to find out more information about those individuals and perhaps propound some interrogatories at a minimum or conduct additional discovery. If we were to grant your – if we were to reverse on the dismissal with prejudice and allow you to file a second amended complaint, we would just remand. That would be entirely up to the district court judge whether he – you could file that, but what happened from there on out would be up to the district court judge. It is true that generally discovery is in the hands of the district court and the district court's discretion. We think, however, like the case of Klingeli, where the – where the Ninth Circuit ruled that the district court should afford the appellant in that case some additional time to conduct discovery, because his interrogatory responses indicated that there was additional evidence to be found through the discovery process, and in that case suggested to the district court that – I believe ordered, rather, that discovery should continue. Now, of course, the – the – Are we telling the district judge that nine months was not enough, that they – that there was reversible error because they received five months – your predecessor counts received five months, and then it was four months later that went by and still nothing happened as far as filing the complaint? Are we – is that reversible error when the court decides enough is enough and I'm in a sanction and go ahead? I think the reversible error here was to dismiss against the John Does with prejudice. But I do think, like the Seventh Circuit's cases in Dunphy and Donald, where the district court adequately supervised appointed counsel – Wait a minute. Which court adequately – what is the adequate supervision of counsel? Is this the duty of the judge? The Seventh Circuit found that where the – where counsel was appointed for a pro se client, and the pro se appointed counsel did nothing, didn't communicate with his client, didn't conduct no discovery when there were colorable claims, and it was – and the – and the client was left in a position far worse than he would have been pro se. The judge was supervising. The judge told him, do this in this five months. That's the supervision. Are you indicating any time we have pro se counsel, we can never dismiss the complaint? No, Your Honor. I'm speaking only in the extreme circumstances we have here, where counsel, for example, explained to his client that the case was dismissed on grounds that were not even addressed by the judge. But all of this has the right to file a malpractice case against counsel for counsel's malpractice, if there was malpractice. Of course, malpractice – This is a civil litigation. It's not criminal litigation. We agree that there is no constitutional right to effective assistance of counsel. We are simply saying that in the extreme case where counsel is performed so poorly such that he's worse off than had he been pro se, there ought to be some discretion exercised by this Court to – Well, the idea of getting pro se counsel is to get the Court out of the business of panel pro ses. Now, you're putting him back in. What's the best case you have that we could reverse this district court on this record where there was nine months that passed waiting, nothing happened, and accordingly it said the – the dismiss with prejudice? What's the best case that we do that? The best case on the John Doe issue, irrespective of the counsel issue, is Wakefield, which is this Court's decision. If the Court wanted to go further and find that counsel's performance was so deficient such that the appellant should be afforded more time to go conduct discovery, that would be – What's your best case? What would be the name of the case? That would be Donald from the Seventh Circuit, Your Honor. On the Seventh Circuit. On the Seventh Circuit, where the court found – What's your best case in our circuit? We have not found authority in this circuit which suggests that the errors of pro se – counsel for pro se clients would be – Okay. You're going to write this and you're going to rely on Donald. What would we say to the district judge? Where was a reversible error? What did the district judge do wrong? The two reversible errors was to dismiss with prejudice when it was clear from the record below that John Doe defendants had been identified with sufficient specificity such that an amended complaint would be – would survive a Rule 11 standard. There was identification of two witnesses. We don't know whether those witnesses could be John Doe's. Certainly. Are we dismissing because they did not allow, even after the discovery period, the filing of an amended complaint to name the witnesses as defendants? Your Honor, it's correct. That's correct. But it's more than just witnesses. It's six or seven individuals who, based on the interrogatory, which was who are the individuals who were involved, interrogatory number six, that it would be go beyond witnesses to specific individuals who were involved in the conduct. Now, certainly the defendants could file whatever summary judgment motion or motion to dismiss, arguing that these individuals were not involved, and certainly whatever protection they needed would be still available because it would be a first complaint. The other reversible error would be to – was the district court's dismissal on summary judgment towards King County. There was sufficient evidence in the record, given the repeated failures to listen to Mr. Marin Torres's claims for medical care over a three-year period from 1999 to 2002, to conclude that the county had a custom or a policy of denying inmates reasonable medical care when it's requested. And certainly the evidence was sufficient for a reasonable jury to conclude that there was such a custom, and that is also reversible error, we think. And what's the evidence of a custom? The evidence of the custom are the repeat – Just what they did is to him. That's correct. And so you're suggesting that the record of what they did to him on numerous occasions at different locations would be sufficient enough to get past summary judgment? I believe it would. Certainly this Court in Navarro and in Gibson, where the alleged conduct is against one person but with sufficient frequency, that a jury could conclude that the repeated nature of the action was sufficient such that a policy or custom had developed to deny medical care. If possible, I would like to reserve the remainder of my time. Thank you. May it please the Court, my name is Chris Bundy, I represent King County in this action. King County is asking that the trial court be affirmed in this case, summary judgment was properly granted, the waiver of the arguments being presented in this court is clear, and there's no ineffective assistance of counsel claim in this case. I'm going to jump to the third point first, because I think that's probably the most important. Why don't you address just in the normal, ordinary course, the notion that a district court properly invokes a dismissal with prejudice without leave to amend at the first instance. Why wasn't there a leave to amend given? It wasn't requested. Well, it wasn't requested. So that's waived. Is that your argument? Correct. Additionally, while there are certainly requirements for pro se. Excuse me. I just want to make sure, because he adverted to supervision under the Seventh Circuit standard. Was the magistrate judge aware? Is there anything in the record indicate the magistrate judge or Judge Lesnik was aware that this was appointed pro bono counsel? Yes, they appointed him. Or not pro bono. Yes. So notwithstanding that, you don't think it's the equivalent of plain error for the magistrate judge to go straight to dismissal with prejudice? Absolutely not, Your Honor. While there are certainly requirements that the district court must follow when they're dealing with pro se litigants, such as advising them of deficiencies in their complaint, which is exactly what the court did here early on, there is no such requirement when the plaintiff is represented by counsel. The case of Nicholson v. Russian from this court in 1985 clearly holds that there is no right to effective assistance of counsel in the trial court, and in that case, the counsel was pro bono, civil rights case, complained about the representation he got in his trial. And this court clearly held that since there is no right to counsel in the first place, there is no right to effective assistance of counsel. And so Mr. Torres needs to be treated just like everybody else who has counsel. Even accepting that, I'm troubled by the notion that, in part because I think the magistrate judge read more into the April 14th order than is there, because the April 14th order does not say he had to have filed an amended complaint by then. It said that he had to complete discovery, and yet the magistrate judge's ruling suggests that the magistrate judge was reading his failure as failure to not only complete discovery but then file the amended complaint. And it seems to me that in the ordinary course with anyone that a judge might say, particularly now in this case, they know that they're appointed counsel, that at least to ask, you know, are you going to amend the complaint? You haven't done any more discovery. You haven't named specific people, but there are people in the record. Are you naming them as defendants? It would have been fairly simple to do that, wouldn't it? I'm sorry. I didn't understand your question earlier. Well, I wasn't being probably clear enough. Well, we have a Ninth Circuit case. It's failure to give notice. There's no notice. We have a lot of cases that say before you take the Herculean step of dismissing with prejudice, you first give some type of warning, and the type of warning is a dismissal without prejudice, letting them to refile. Why? Whether this person is pro se or belongs to the largest firm in Seattle, why didn't the magistrate judge here commit error by failing to give the usual dismissal without prejudice order? I guess I wasn't – my understanding is that's not a normal thing when you're two years into the litigation, represented by counsel, that the district court judge – my understanding has not been that the district court judge has a duty to inform the parties how to practice. If you back up and look at the order that Judge Fisher was referring to, it does say early on if you want to name individual defendants, you must name them, you must say what they did, and you must show how they acted under color of law. That's the most basic thing in a 1983 case, and it doesn't seem to me that it's the district court's job to supervise and make sure that this lawyer is up to the task two years into the litigation. But the standard – the way I'm looking at it on appeal is that the standard for dismissing with prejudice of a complaint that alleges only John Doe's is that you only dismiss with prejudice unless there's no – if there's no possibility that the identities of the John Doe's can be found. And I don't think that standard is met here, given that there are the names of the people who actually acted in connection with the alleged constitutional violations in responses to interrogatories. I would say you're correct on the names. There are names on the assault claim. All there are on the medical claims are witnesses. There is no allegation or statements that these are the people that did X, Y, and Z. He describes them as witnesses. But, I mean, I just think we don't know whether they're actually people who – But you have a deliberate and different standard, and there's nothing in the record that shows – You're aware of our Ninth Circuit case in Gillespie. Right. It sets forth that standard, and I think we have to follow it. And that was a pro se, right, with an early dismissal for failure to state a claim. That's not two years. This order was entered two years, four months into the litigation. If you look at Brass v. County of L.A. from Ninth Circuit 2003, plaintiffs never asked for individual defendants to be inserted for John Doe defendants. Summary judgment was granted, and this Court affirmed the dismissal of that case. The magistrate judge I'm looking at, report and recommendation ZR-175, says plaintiff filed his amended complaint on November 17, 2003, and was given through April 14, 2004 to ascertain through discovery the identities of King County John Does, who are still labeled as currently unidentified employees in his or her official capacities, and amend his complaint accordingly. He was even directed to do so by this Court on June 10, 2003. Where is that – where are those statements supported in those two orders? I don't – I have the – the June order directs the plaintiff, if he wants to sue individual defendants, that he must name them. It doesn't quite say that. It says – I mean, you're talking about the June 10, 2003 order? Yes, on the second page of that order. I know. It doesn't quite say that. It says plaintiff must clarify who the defendants are as a prerequisite to actually accepting the filing and serving the complaint. Well, he did clarify that they were King County employees who did these particular acts, even though he didn't identify the names of the John Does. But one must assume that the district court then found the complaint sufficient to meet that order because he allowed it to be filed and served. Well, they had a policy and custom claim as well. Pardon me? They had a policy and custom claim as well, the plaintiff did, against King County. Right. That clearly stated a claim. Right. But it didn't say that he had to identify the defendants. He just said he had to clarify who he was suing. Right. I guess what the suggestion is is that the district court has a job to supervise, again, the work of this attorney. I don't see that. I don't see that. I just say, I'm not saying that the judge has to go out of his way to supervise. I don't see that line of case even. I'm just saying if you read these orders and you apply the law on dismissal with prejudice, which is really quite a harsh remedy, and most judges never dismiss with prejudice just the first complaint because it is such a harsh remedy. But the rule that's dealt with in Gillespie, denounced in Gillespie, is an opportunity to discover the identities of the defendants. No. The rule is if you have not discovered, if it would be futile. Essentially, it's a futility rule. If it would be futile for you to be granted leave to amend because you had no information about the names, then, or it would be futile because even if you had the names, you had no claims, then you dismiss with prejudice. My time is up. Can I answer your question? I read those cases as saying that on the dismissal with prejudice that the plaintiff must be given an opportunity to amend. If the district court does an early dismissal, failing to give them the opportunity to, I mean, to discover the identities, then that can be reversible error. So you equate opportunity to amend with? Opportunity to discover, I'm sorry, the identities. They had, this case was in the district court for over two years. They had this long period of discovery, and I would say that that gave them their opportunity to discover. Five months. Pardon? Five months' discovery. Yes. Okay, but just so I just want to understand, the, as I read what the magistrate judge is saying here, she's saying, she ordered him, plaintiff must clarify who, this is in the June 10th order, must clarify who the defendants are in this action, and then so on. And then in paragraph two, she says, plaintiff may file an amended complaint curing the above-mentioned deficiencies within 60 days of the date on which this order is signed. And he filed an amended complaint on November 17th. I take it that was in response to the June order, correct? Yes, I would think so. Okay, and then along comes the end of discovery, and she says, now it's inadequate, and he's out because he hasn't amended the complaint. But he did amend the complaint back in November. So coming back to Judge Wallace's point, where's the notice that, I mean, was this an OSC that you moved to dismiss for failure to specify, and you were attacking the November complaint as failing to comply with the June 10th order? That was not the motion. The motion was the plaintiff does not have any evidence. Well. And the motion. I'm sorry, on the John Doe. Well, the motion to dismiss is he doesn't have to have evidence. Right. He has to meet a pleading requirement. It was a summary judgment that there were no individual defendants. And the opportunity had passed for granting those. Perhaps if the plaintiff had asked to move to amend at that point, it could have been reversible error. So you moved for summary judgment that got part of it was treated as a motion to dismiss? Is that what the judge did? Because she does it as a motion to dismiss. She dismisses it on that basis saying it failed to identify. There is, if you then go to, that's what I was a little confused about. Is it a summary judgment, and are we therefore looking to it under summary judgment standards, or is it enough to just construe the complaint? I think it's summary judgment because you have to take into account the time that has passed to evaluate whether the plaintiff was given the opportunity to identify. And the interrogatories you're suggesting are sufficient to create the identity of potential defendants. Not without a motion to amend. Excuse me, but what you're saying is entirely contrary to what you wrote in your brief with respect to that issue. This is your King County's motion for summary judgment. It's labeled that. But what you argue is that plaintiff's section 1983 claims against King County Doe's must be dismissed as fictitious defendants may not be pursued in federal court. You argue that it's improper, there's no provision for fictitious defendants. Accordingly, plaintiff's claims against various Doe defendants representing unidentified King County employees or agents should be dismissed. Perhaps that's why the magistrate judge dismissed them. You also don't even ask for it to be dismissed with prejudice. You just say dismissed. The trial court, the magistrate judge ruled that Doe pleading was appropriate for a long enough time to give the opportunity for the plaintiff to identify individual defendants and that it was fatal because they did not move to amend. As long as you're running a little over. Let me ask a question on the custom. Is it insufficient for him to allege and establish that he was denied medical treatment several times and at different locations? Why wouldn't that be enough to establish a policy in practice? All you have in the record is five and these were put in by King County. You have five written requests for assistance. Then you have very vague complaints that the assistance that he got was not appropriate. I would say. That's not enough to get to a jury? Not on deliberate indifference. Well, five and they were at different locations, weren't they? It was at different physical locations. It says it's not just the individuals. Doesn't that create the inference that these individuals are acting pursuant to a policy? He never says what care he got, what care he didn't, when he got it, when he didn't get it. There's no level of specificity at all. There's vague allegations that my care was not appropriate. I would say that doesn't show deliberate indifference or policy or custom. Well, we do have notice pleading in Beryl Court. Well, but at summary judgment time, which is two years after the case is initiated, it's time to produce your evidence. Would you take his deposition? I didn't have the case at the trial court. I don't believe his deposition was taken. And, again, there was not one word in the trial court brief of plaintiff's counsel addressing a policy and custom or municipal liability. Not one word. All right. Thank you, counsel. Thank you very much, Your Honor. A few brief points. I think regardless of whether or not the appellant asked for leave to amend, leave to amend should be granted, and dismissal should only be without prejudice unless it's clear that an amended group prejudice. Sorry, excuse me. Yes, Your Honor. With prejudice, only if it is clear that an amendment would not be futile. With respect to the issue of custom and policy, we think the evidence was sufficient given the ongoing nature of his complaints over a three-year period as a means for a reasonable jury to conclude that there was a custom of denying inmates reasonable medical care. And that's sufficient, even though it was an interrogatory response and the record before the magistrate judge. The appellant would have said the same things in a deposition. They chose not to do that. I would finally like to say that the arguments that are before you today that the appellee brings are entirely discretionary arguments, the arguments about waiver and arguments about failure to object before the magistrate judge. And in light of all the circumstances we have here, a consistent pattern of being denied care for serious medical complaints, i.e., there are meritorious claims and there's no other evidence beyond an appointed counsel who failed to do his job, that this Court should not exercise that discretion and adopt a strict view of waiver, unless the Court has anything further. I have a question. Your last ten seconds has bothered me, and I've toyed with it while I was asking, and I think I better because it may bother me later. The order of the district judge orders dismissal of the complaint. It does not order dismissal of the action. Was there an order dismissing the action entered? There was a final judgment entered, which ---- Where is that in the record, a final judgment dismissing the action? If you give me a moment, I can find it for you, Your Honor. Your Honor, it's an excerpt of record at 180, which is why ---- Pardon? An excerpt of record at 180, which is ---- 180? Yes, which is ---- it does say, which is why Mr. Leonel Marentor has filed an appeal when he in the interim filed a motion seeking all of the correspondence in the case. You see at the bottom of the page where it says the titles? Yes. Order dismissing. Order dismissing complaint. You see at the top the title, Order Dismissing Section 1983 Complaint. In Federal procedure, that doesn't get you a final judgment. The action has to be dismissed. So I'm just wondering, is there something else besides this in the record to show that the action's been dismissed so that we can have jurisdiction? The only other thing I would point to, Your Honor, is that when he ---- afterwards he filed a motion with the district court seeking all of the correspondence about the case because he hadn't heard anything from his lawyer. And at that point, the district court dismissed that motion as moot because the ---- because the case had ended. And I can point you to that order. But that would be the ---- that would be the only other thing. It's ---- given that this ---- that a motion's ---- The answer is there's nothing other than this order, which was dated October 6. It would be the ---- only other order would be at the excerpt of the record at 180  There's no other order dismissing the action. 189 would only ---- the excerpt of the record at 189. I mean, a motions panel of this Court denied the summary disposition motion of the appellees suggesting that ---- That doesn't bind us. We have to look at our own jurisdiction. I understand, Your Honor. Okay. Thank you. Thank you. You have what order? I'm sorry, Judge Wallace. If you look at excerpt of records 195, there's a judgment in a civil case. 195. Thank you, counsel. All right. This case will be submitted.
judges: Wallace, Wardlaw, Fisher